845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnnie Lee McGHAR, Petitioner-Appellant
v.
Theodore KOEHLER: Frank Kelley, Respondents-Appellees.
 No. 87-1572.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Johnnie Lee McGhar appeals from a judgment of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 Petitioner was convicted of assault with intent to murder, Mich.Comp.Laws Sec. 750.83, and mayhem, Mich.Comp.Laws Sec. 750.397, following a jury trial in Washtenaw County Circuit Court, Michigan. Petitioner's conviction was affirmed by the Michigan Court of Appeals, and leave to appeal was denied by the Michigan Supreme Court. He was sentenced to life imprisonment on the assault conviction and from six to ten years on the mayhem conviction.
 
 
 3
 After his state court remedies were exhausted, petitioner filed his application for a writ of habeas corpus in district court challenging the constitutionality of the jury instructions on malice and alleging that his sixth amendment rights were denied because of ineffective assistance of counsel. On May 10, 1982, the district court denied petitioner's petition. In an unpublished opinion of March 5, 1984, this court reversed, holding that petitioner was entitled to an evidentiary hearing on the claim of ineffective assistance of counsel and that the jury instruction was entitled to review on the merits.
 
 
 4
 On September 11, 1984, the district court granted petitioner's motion for partial summary judgment on the ground that the trial court's instructions to the jury unconstitutionally relieved the prosecution of the burden of proof on the disputed element of plaintiff's intent. Petitioner's grant of partial summary judgment went solely to the issue of the unconstitutional nature of the jury instructions. The respondents then appealed the order of partial summary judgment after the district court certified it as being final on the issue of the trial court's instructions on intent. On November 8, 1985, this court affirmed the award of partial summary judgment on that issue. On a petition for certiorari, however, the Supreme Court vacated the judgment and remanded for further consideration of the jury instruction error in light of the harmless error doctrine as developed in Rose v. Clark, 478 U.S. ---- (1986).
 
 
 5
 Upon reconsideration following remand, this court reversed the district court on December 1, 1986 and ordered that the petition be dismissed. No mention was made with regard to the unaddressed issue of ineffective assistance of counsel. Specifically, we stated in that opinion that we "remanded to the district court with instructions to deny the writ of habeas corpus." The district court, upon receiving the mandate of this court, dismissed the petition for habeas corpus in its entirety, including the unreviewed issue of ineffective assistance of counsel. After unsuccessfully petitioning for rehearing, petitioner filed this appeal to this court.
 
 
 6
 Petitioner argues on appeal that the district court erred in dismissing the habeas corpus petition in its entirety following this court's remand. He argues that this court's opinion, which directed the dismissal, was addressing an order granting partial summary judgment in favor of petitioner on the single question of the constitutionality of the jury instructions. There is no dispute that the grant of partial summary judgment, and our review thereof, focused solely on the question of the constitutionality of the jury instructions. Accordingly, the ineffective assistance of counsel claims were never before this court on appeal. Thus, we agree with petitioner that though this court held that the unconstitutional malice instructions were harmless beyond a reasonable doubt, our remand "with instructions to deny the writ of habeas corpus" could only apply to the issue before this court.
 
 
 7
 There is no question that the district court felt constrained by the language of our mandate to dismiss the habeas corpus petition in its entirety. As was noted above, this court was not empowered to order the dismissal of the entire petition and did not intend to do so. Accordingly, we vacate the judgment of the district court, recall our mandate, and clarify it so as to require dismissal of petitioner's jury instruction claim only. Petitioner is entitled to an evidentiary hearing on the merits of his sixth amendment claims alleging ineffective assistance of counsel.